IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:23-CR-074-Z |
| JAMES DUNCAN | |

## FACTUAL RESUME

In support of James Duncan's plea of guilty to the offense in Count One of the Indictment, Duncan, the defendant, Felipe Zavala, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2250(a), that is, Failure to Register as a Sex Offender, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant was required to register under the Sex Offender Registration and Notification Act, as charged;

*Second.* That the defendant traveled in interstate commerce; and

*Third.* That the defendant knowingly failed to register and keep a current registration as required by the Sex Offender Registration and Notification Act.

These three elements must be proven to have occurred in sequence.

A person is required to register for a certain time period if he is a sex offender, which means a person convicted of a sex offense. The State of Washington crime of Communication with a Minor for Immoral Purposes is a sex offense requiring registration

---

[1] Fifth Circuit Pattern Jury Instruction 2.83 (5th Cir. 2024).

**James Duncan**
**Factual Resume—Page 1**

for 15 years.

A sex offender is required to register where he resides, which is the location of his home or other place where he habitually lives. Resides means the location of an individual's home or other place where that individual habitually lives, even if the person has no home or fixed address anywhere or is homeless.

The government must prove beyond a reasonable doubt that the defendant knew he had to register and that he intentionally did not do so, but the government does not have to prove that the defendant knew he was violating federal law.

## STIPULATED FACTS

1. From in or about June 29, 2023, and continuing through on or about July 14, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, James Duncan, defendant, a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate or foreign commerce and knowingly failed to register and update his registration as a sex offender, as required by the Sex Offender Registration and Notification Act (SORNA), in violation of Title 18, United States Code, Section 2250(a).

2. On November 2, 2010, in Thurston County, Washington, Tumwater Police Department Officer J. Raphael contacted James Duncan and a fourteen-year-old female, identified as S.L.Y. Duncan and S.L.Y. were not, and never have been, married to each other. Officer Raphael ran Duncan's information through a database and learned that Duncan was twenty-three years old, and that Duncan had a warrant for his arrest. Duncan was arrested for the outstanding warrant.

3. While speaking to S.L.Y., Officer Raphael learned that Duncan and S.L.Y. had engaged in sexual activity. Officer Raphael contacted the Olympia Police Department for further investigation.

4. Officers transported S.L.Y. to the Olympia Police Department for an interview. During the interview, S.L.Y. disclosed that she had sexual intercourse with Duncan on two occasions beginning October 31, 2010. She stated that she met Duncan on Halloween night, and he had taken her to his camp area under the 4th Avenue Bridge. S.L.Y. stated that she told Duncan that she was fourteen years old before any sexual contact, and that Duncan replied, "Cool." She stated that, on October 31, 2010, Duncan and S.L.Y. had sexual intercourse in a sleeping bag underneath the bridge. S.L.Y. stated that, on November 1, 2010, Duncan and S.L.Y. had sexual intercourse in the backyard of a residence.

5. Olympia Police Department Detective Brenda Anderson contacted Duncan at the Olympia Police Department Jail for an interview. Detective Anderson read Duncan his *Miranda* warnings. Duncan waived his rights and agreed to make a statement. During the interview, Duncan admitted to having sexual intercourse with S.L.Y. on October 31, 2010. Duncan claimed that S.L.Y. told him that she was sixteen, but that other "street kids" downtown told him that S.L.Y. was fourteen.

6. On November 4, 2010, Duncan was charged with two counts of Rape of a Child in the Third Degree in the Superior Court of Washington, Thurston County.

7. On December 10, 2010, Duncan pled guilty to, and was convicted of, Communication with a Minor for Immoral Purposes, cause number 10-1-01670-1, in

Thurston County, Washington. As a result of that conviction, Duncan was, and is, required to register as a sex offender pursuant to SORNA for fifteen years.

8. Duncan last registered as a sex offender in Arkansas in April 2022. Sometime after April 2022, Duncan relocated to the Amarillo, Texas, area without notifying sex offender registration authorities in Arkansas or Texas.

9. On July 13, 2023, the United States Marshals Service (USMS), Amarillo Division, began an investigation to determine if James Duncan failed to register as a sex offender, or keep current his registration, in the Northern District of Texas, Amarillo Division.

10. On June 29, 2023, Duncan was struck by a moving vehicle and was transported by ambulance to the Northwest Hospital emergency room. Duncan was treated and released ~~that day~~ on July 6, 2023. Duncan was subsequently admitted to Northwest Hospital on July ~~3, 6, and~~ 9, 2023, and was released the same day ~~on each occasion~~.

11. The USMS obtained Greyhound Bus Company records, which revealed that Duncan boarded multiple buses in the State of Texas from March 25, 2023, to April 27, 2023. ~~Duncan traveled within the State of Texas on~~ the buses.

12. On July 14, 2023, Duncan was arrested by the Amarillo Police Department for failure to register as a sex offender. During recorded jail calls with his mother, Duncan admitted to knowing that he had a duty to register as a sex offender.

13. Duncan admits that he was required to register as a sex offender pursuant to the SORNA. Duncan admits that he thereafter traveled from the State of Arkansas to the

**James Duncan**
**Factual Resume—Page 4**

State of Texas. Duncan further admits that he knowingly failed to register or keep a current registration as required by the SORNA.

14. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 18th day of November, 2024.

_____
James Duncan
Defendant

_____
Felipe Zavala
Attorney for Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov