IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-CR-074-Z-BR-(1) |
| | § | |
| JAMES DUNCAN | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Came on for consideration in the above-styled and numbered action the Petition for

Offender of Supervision to revoke the term of supervision imposed upon Defendant James

Duncan.

The Court determines that a hearing should be scheduled.  Therefore, the Court ORDERS

that Defendant, his attorney, and counsel for United States of America appear at **10:00 a.m. (CDT)**

on **October 23, 2025**, before the undersigned district judge in the **1st Floor Courtroom of the**

**United States Courthouse, Amarillo, Texas**, for a hearing.

The Court further ORDERS that if this is a contested matter, the following shall be filed:

(1)    By **1:00 p.m. (CST)** on **October 9, 2025**, United States of America and Defendant

each shall file a witness list and an exhibit list.

(2)    The parties shall not file exhibits prior to the hearing, but shall have the originals

and one copy thereof available immediately prior to the hearing.  Each exhibit that

will be offered at the hearing shall bear the case number of this action in addition

to the exhibit number and identity of offering party.

(3)    The witness list shall be accompanied, when it is filed, by a statement as to each

witness of each subject matter upon which the witness will be asked to testify.  The

witness list shall include one column bearing the heading "Sworn" and another bearing the heading "Testified" to help the Court keep track of the witnesses at the hearing.

(4)     The exhibit list shall be accompanied, when it is filed, by a statement signed by counsel for the opposing party stating, as to each exhibit shown on the list, either that the opposing party agrees to the admissibility of the exhibit or the nature and legal basis of any objection that will be made to the admissibility of the exhibit. All parties are required to cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. The party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit such party proposes to offer. No exhibit will be offered at the hearing unless such a statement has been timely filed as to the exhibit. The exhibit list shall include one column bearing the heading "Offered" and another bearing the heading "Admitted".

(5)     No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of the other party.

If Defendant opposes revocation of his supervised release, Defendant is hereby ORDERED to file a brief in response to the Government's motion seeking revocation. Defendant's response brief should contain the *legal* arguments that Defendant intends to raise at the revocation hearing—including, but not limited to, (1) relevant jurisprudence from the Supreme Court of the United States, United States Court of Appeals for the Fifth Circuit, United States District Courts in Texas, and state courts, if applicable; (2) relevant United States Sentencing Guidelines, sections, policy statements, commentary, application notes, and appendices; (3) government memoranda, policy

statements, and advisory opinions, and case-specific facts, data, or information relevant to sentencing; and (4) other persuasive sources of authority that Defendant would like the Court to consider. The brief in response must be filed **no later than, October 9, 2025**. Defendant's brief must comply with the Court's briefing requirements, as set forth in Paragraph 6 of the model Order Setting Schedule for Sentencing: *See* Attachment A. If Defendant does not oppose revocation, he is ORDERED to file a notice of non-opposition to revocation **no later than, October 9, 2025**.

The Government is hereby ORDERED to file a reply brief stating the reasons revocation is appropriate, the facts supporting the Government's position, the legal issues the Court should consider in determining whether revocation is appropriate, and the controlling law in this case **no later than October 16, 2025**. The Government's brief must comply with the briefing requirements set forth in Paragraph 6 of the model Order Setting Schedule for Sentencing: *See* Attachment A.

SIGNED October 1, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

**"ATTACHMENT A"**

All written materials must conform to the following **Briefing Rules**: the written materials should adequately brief the relevant facts, legal issues, and controlling law.  In most cases, the written materials should include:

      a.  Relevant jurisprudence from the Supreme Court of the United States, United States Court of Appeals for the Fifth Circuit, United States District Courts in Texas, and state courts, if applicable;

      b.  United States Sentencing Guidelines, sections, policy statements, commentary, application notes, and appendices; and

      c.  Relevant government memoranda, policy statements, and advisory opinions, and case-specific facts, data, or information relevant to sentencing.

The party submitting written materials may seek, upon showing good cause, a short continuance to comply with these **Briefing Rules**.  Absent extraordinary circumstances, the parties will not be permitted to raise facts, issues, and arguments outside the *written* **Briefing Materials** on file with the Court at the time of the Final Supervised Release Hearing.